UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ERNEST R. GIBSON, JR.,

     Plaintiff,

v.                                 Case No. 4:19cv451-MW-HTC

CENTRAL FLORIDA RECEPTION
CENTER, et al.,

     Defendants.
_____/

<u>REPORT AND RECOMMENDATION</u>

     Plaintiff has filed a *pro se* civil rights complaint (ECF Doc. 1), pursuant to 42 U.S.C. § 1983, and motion to proceed *in forma pauperis* (ECF Doc. 2).  Upon review of the complaint, it appears this case should be transferred to the United States District Court for the Middle District of Florida.

**I.    The Complaint**

     Plaintiff is an inmate of the Florida Department of Corrections currently confined in Tomoka Correctional Institution ("Tomoka"), which is located in Volusia County.  Volusia County is located in the Middle District of Florida. Plaintiff's complaint names as defendants the Central Florida Reception Center ("CFRC") and several of its Classification Officers and personnel (Major Kysler, D.

Collins, and Officer K. Senter).  ECF Doc. 1.  CFRC is located in Orange County, which is also located in the Middle District of Florida.

The allegations in Plaintiff's complaint all arise out of events that took place at CFRC.  Plaintiff alleges that (1) in April of 2019, he was given false information by CFRC personnel regarding how and where to file his informal grievances; (2) Defendant D. Collins "removed" his grievances, causing them to not be turned in; (3) he was placed on "A/C status" at CFRC for attempting to mail two letters in one, which is a mail violation, and received fifteen (15) days loss of gain time for each disciplinary report he received; (4) he was told he would be transferred to Tomoka from CFRC on a good adjustment transfer, but was actually given a negative transfer; and (5) when he arrived at Tomoka, he was informed that Tomoka is no longer an ADA facility and that his medical status had "changed from P-3 to P-2." *Id.*

## II.    Analysis

Under 28 U.S.C. § 1391(b), which applies to actions brought under 42 U.S.C. § 1983, a civil action may be brought in: (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located"; (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated"; or (3) "if there is no district in which an action may

otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

Here, there is no allegation that any of the defendants reside in the Northern District of Florida.  Thus, 28 U.S.C. § 1391(b)(1) does not apply.  Rather, all of the events giving rise to Plaintiff's claim occurred at CFRC, in the Middle District of Florida.  Thus, venue is proper only in the Middle District of Florida.  28 U.S.C. § 1391(b)(2).

Under 28 U.S.C. § 1406, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  Rather than dismissing the action, the undersigned recommends the case be transferred to the Middle District of Florida.

Also, even assuming that venue is proper in the Northern District, this Court may still transfer the case to the Middle District for convenience of the parties.  28 U.S.C. § 1404 provides that, "for convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).  The decision to transfer is left to the "sound discretion of the district court and is reviewable only for an abuse of that

Case No. 4:19cv451-MW-HTC

discretion." *See e.g., Roofing & Sheeting Metal Serv. v. La Quinta Motor Inns,* 689 F.2d 982, 985 (11th Cir. 1982). Such transfers may be made *sua sponte* by the court, provided that the court give notice to the parties.[1] *See Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011).

In *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1988), *superseded by statute on other grounds as explained in American Dredging Co. v. Miller*, 510 U.S. 443, 449, n. 2 (1994), the Supreme Court set forth certain factors that the courts should consider in determining whether a transfer under § 1404(a) is appropriate. Those factors include: (1) relative ease of access to sources of proof; (2) availability of compulsory process for attendance of unwilling; and (3) the cost of obtaining attendance of willing witnesses. *See id.* Those factors, as applied here, weigh in favor of a transfer. The events giving rise to Plaintiff's claim occurred in the Middle District, all the individual Defendants appear to be located there, and Plaintiff himself is located there.

Accordingly, it is respectfully RECOMMENDED:

1.     That the clerk TRANSFER this case to the United States District Court for the Middle District of Florida.

---

[1] Here, notice was provided to the Plaintiff prior to the issuance of this report and recommendation and Plaintiff was given an opportunity to show cause why the case should not be transferred. ECF Doc. 4. Plaintiff did not reply to the Court's show cause order.

Case No. 4:19cv451-MW-HTC

2.    That the clerk close the file.

At Pensacola, Florida, this 17th day of October, 2019.

*s/ Hope Thai Cannon*

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.